United States District Court
Southern District of Texas
**ENTERED**
May 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHA NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-4785 |
| | § | |
| VOLTA CHARGING INDUSTRIES, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Volta Charging Industries, LLC's

Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Document No.

12). Having considered the Defendant's motion, submissions, and applicable law,

the Court determines that Defendant's motion should be granted and all claims raised

by Nguyen should be dismissed.

## I. BACKGROUND

This case concerns an employment dispute resulting in alleged violations of

the Federal Family and Medical Leve Act and Texas Labor Code. Plaintiff Kha

Nguyen ("Nguyen") worked at Defendant Volta Charging, Inc. ("Volta") for eight

months. Nguyen alleges that while employed at Volta he was subject to workplace

harassment by his manager, Mina Komos, who allegedly mandated additional duties

including requiring Nguyen to transport her to and from the airport. Nguyen further

alleges that after reporting his manager's behavior he was placed on a performance improvement plan, and later wrongfully terminated.

Based on the foregoing, on July 17, 2024, Nguyen filed suit in Harris County's 129th District Court alleging claims against Defendant Volta for breach of contract and wrongful discharge. On December 5, 2024, Volta removed the matter to this Court based on federal question jurisdiction. On April 20, 2025, Nguyen amended his complaint, adding a third claim for hostile work environment. On April 30, 2025, Volta filed a motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on Nguyen's claims for wrongful discharge and hostile work environment. Nguyen did not respond to Volta's motion to dismiss, failing to rebut or offer evidence to counter Volta's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Nguyen's failure to respond, the Court will consider, in turn, each claim Volta contends should be dismissed.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels

2

and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Volta moves to dismiss two of Nguyen's causes of action, contending that Nguyen's claims reveal critical deficiencies. Nguyen did not respond to Volta's motion to dismiss, failing to rebut or offer evidence to counter Volta's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court will consider, in turn, each claim Volta contends should be dismissed.

3

### A. Claim Brought Pursuant to the Family and Medical Leave Act

Nguyen's First Amended Complaint alleges a claim for wrongful discharge pursuant to the Federal Family and Medical Leave Act of 1993 ("FMLA") which states, in relevant part, that it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). To state a claim for a violation of the FMLA, a plaintiff must first allege that he was protected by the FMLA. *See Mauder v. Metro. Transit Auth. of Harris County, Tex.,* 446 F.3d 574 (5th Cir. 2006). The FMLA permits an eligible employee to take up to twelve weeks of medical leave for an eligible medical condition, and prohibits a covered employer from interfering with, restraining, or denying an employee's right to take leave under the FMLA. *See* 29 U.S.C. § 2612(a). In order to be deemed an eligible employee under the FMLA, an individual must have been employed for at least twelve months, for a minimum of 1,250 hours of service during the twelve-month period immediately preceding the medical leave. *See* 29 C.F.R. § 825.110(a)(1–3). An eligible medical condition for purposes of raising a claim pursuant to the FMLA requires an illness, injury, impairment, or physical or mental condition that involves "inpatient care in a hospital, hospice, or residential medical care facility; or continuing treatment by a health care provider." 29 U.S.C. §2611(11).

4

Volta contends that Nguyen makes no factual allegations regarding what alleged illness, injury, impairment, or physical or mental condition, if any, he allegedly suffered from. Volta further contends that Nguyen has not pleaded any facts to show that his alleged condition, if any, involved inpatient care or continuing treatment by a health care provider. Nguyen offers no rebuttal. An independent review of the record reveals a series of legal conclusions in support of Nguyen's claim for wrongful discharge, alleging no fact related to any medical condition Nguyen allegedly suffered, nor any care Nguyen allegedly received as a result. Considering the statutory requirements to raise a claim under the FMLA, and the Supreme Court's clear guidance in *Twombly* that "factual allegations must be enough to raise a right to relief above the speculative level," the Court determines that Nguyen's claim for Wrongful Discharge under the FMLA should be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will now consider Nguyen's claims brought pursuant to state law.

*B. Claims Brought Pursuant to Texas State Law*

Nguyen also brings claims for breach of contract and hostile work environment pursuant to the Texas Labor Code. The Court will first consider Nguyen's claim for breach of contract brought pursuant to Texas Labor Code § 451.002.

5

*1. Breach of Contract Claim*

For a plaintiff to successfully bring a claim pursuant to Texas Labor Code §
451.002, a cause of action must be filed within two years after such claim accrues.
*See Manning v. Alcatel Network Systems, Inc.* (Tex. App – Dallas 1999). To
determine whether a claimant timely filed their Section 451 claim, the Court first
ascertains when the claim accrued. *See Johnson & Johnson Med., Inc.*, 924 S.W.2d
at 927(Tex. 1996). The Texas Supreme Court has made clear that the action accrues
when an employee receives unequivocal notice of his termination or when a
reasonable person should have known of his termination. *Id.* Here, Nguyen states
that his termination occurred on July 13, 2022.[1] An independent review of the record
reveals that Nguyen's initial petition in state court was filed on July 17, 2024, four
days after the expiration of the statute of limitations.[2] Nguyen offers no arguments
related to the statute of limitations for his breach of contract claim. Considering the
clear evidence in the record that Nguyen filed his complaint after the applicable
statute of limitations had expired, the Court finds Nguyen is time-barred from raising
a claim for breach of contract pursuant to the Texas Labor Code and finds that the
breach of contract claim should be dismissed. The Court will now consider Nguyen's
claim for hostile work environment brought pursuant to Texas Labor Code § 21.051.

---

[1] *See Plaintiff's First Amended Complaint*, Document No. 11 at 4.

[2] *See Plaintiff's Initial State Court Petition*, Document No. 1, Exhibit B.

6

*2. Hostile Work Environment Claim*

To state a claim for hostile work environment, a plaintiff must plead that (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) Defendant knew or should have known of the harassment and failed to take prompt remedial action. *See English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019). An independent review of the record reveals that Nguyen's sole factual contention supporting a claim for hostile work environment states: "Plaintiff was subjected to unwelcome conduct by his supervisor, Mina Komos, including but not limited to repeated demands that he perform personal tasks for her, such as transporting her to and from the airport, which were not part of his job duties. This conduct was unprofessional, inappropriate, and created a work environment that was intimidating, demeaning, and offensive."[3]

Volta contends that an employer simply requesting a ride to the airport cannot rise to the level of offensiveness such to support a claim for hostile work environment. Volta further contends that Nguyen has not pleaded that the alleged harassment interfered with his work performance, a required element under the Fifth Circuit's strong precedent. Nguyen offers no rebuttal. Considering the Fifth Circuit's

---

[3] *Plaintiff's First Amended Complaint*, Document No. 11 at 5.

7

clear guidance regarding the pleading requirements to state a claim for hostile work environment, and Nguyen's failure to do so, the Court determines that Nguyen's hostile work environment claim must be dismissed.

Accordingly, the Court finds that Volta's motion to dismiss should be granted in its entirety, and based on the arguments raised there, the Court determines that all three claims raised by Nguyen should be dismissed.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Volta Charging Industries, LLC's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Kha Nguyen's claims against Volta Charging Industries, LLC are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this _23_ day of May, 2025.

David Hittner

DAVID HITTNER
United States District Judge